

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. John R. Shook
District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. 0-2427
Re: Change of budget to pay rental
on voting machines.

You advise us that on May 17, 1940, the Commissioners' Court of Bexar County entered into a contract with Automatic Voting Machine Corporation, for the acquisition of some 300 voting machines. The contract provides for an outlay of $26,340.00 within 180 days from May 17, 1940, as rental for the machines, with an option on the part of the county to purchase the same, in which event the rental payment would be credited on the purchase price.

The county budget, approved on August 22, 1939, by the Commissioners' Court, contained the following item of $16,000.00, to-wit:

"19-A General-Special and School

| | |
|---|---|
| Judges and Clerks | $9,275.00 |
| Repairing booths and ballot boxes | 100.00 |
| Delivering ballot boxes | 600.00 |
| Rent chairs, tables & supplies | 800.00 |
| Hauling election equipment | 800.00 |
| Printing, stationery, stamps | 4,200.00 |
| Advertising | 25.00 |
| School Judges and Clerks | 200.00 |
| | $16,000.00" |

You request our opinion in substance as to whether the Commissioners' Court may amend or change its budget so as to use the $16,000.00 thus alloted to election expenses in making payment of said rental on the voting machines.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John R. Shook, page 2.

You explain that no order making such change in the budget was entered at the time the contract was made, so that the entry of the order changing the budget necessarily must be subsequent to the making of the contract.

In your opinion request you have also submitted the question as to whether the contract involves the creating of a debt and is void on that account. We answer that question in the negative in view of the opinion of the Dallas Court of Civil Appeals in the case of Hayden vs. Dallas County, decided on August 9, 1940, but not yet reported, sustaining a similar contract between Dallas County and the Automatic Voting Machine Company.

Article 689a-11, Vernon's Civil Statutes, reads in part;

"The Commissioners' Court in each county shall each year provide for a public hearing on the county budget--which hearing shall take place on some date to be named by the Commissioners' Court subsequent to August 15th and prior to the levy of taxes by said Commissioners' Court. Public notice shall be given that on said date of hearing the budget as prepared by the County Judge will be considered by the Commissioners' Court. Said notice shall name the hour, the date and the place where the hearing shall be conducted. Any taxpayer of such county shall have the right to be present and participate in said hearing. At the conclusion of the hearing, the budget as prepared by the County Judge shall be acted upon by the Commissioners' Court. The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand. When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditures of the funds of the county shall

thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted."

Article 689a-20, Vernon's Civil Statutes, provides:

"Nothing contained in this Act shall be construed as precluding the Legislature from making changes in the budget for State purposes or prevent the County Commissioners' Court from making changes in the budget for county purposes or prevent the governing body of any incorporated city or town from making changes in the budget for city purposes, or prevent the trustees or other school governing body from making changes in the budgets for school purposes; and the duties required by virtue of this Act of State, County, City and School Officers or Representatives shall be performed for the compensation now provided by law to be paid said Officers, respectively."

In our opinion, the inhibitions contained in Sec. 11 against the inclusion of additional items in the budget after it has been approved do not have any application to the problem at hand. The use of the money will be changed from the payment of election judges and clerks, etc., to applying on the rental of the machines, but the general purpose of the expenditure is the same, the holding of the election. The switch of the $16,000.00 desired to be done would not in itself be an additional expenditure, but we think would be a change in the budget such as is authorized by Sec. 20 of said Article 689a. From the opinion of the

Fifth Circuit of Appeals in Southland Ice Co. vs. City of
Temple, 100 Fed. (2) 825, involving this budget law, we
quote:

"Counsel for appellee call attention to
subdivision 13 of the Budget Law (quoted above)
and say that, as to Home Rule Cities, the only
provisions in their charters as to budgets, not
abrogated by the Budget Law, are those relating
to the preparation of the budget and hearings
thereon, and that, therefore, the part of the
charter as to transfers from one department to
another must yield to the provisions of the
general statute, under the constitution prohi-
biting Home Rule Charters to contain anything
inconsistent with the constitution or the general
laws. Whether that view be correct, it is not
necessary to decide. Even if that charter pro-
vision is still in effect, it only authorizes
transfer from one department of appropriations
to be applied to another department to some object
covered by the budget. That seems logical because
subdivision 15 provides how and when new matters
can be added to the budget. Therefore, appro-
priations, if transferred, would be applicable
only to some purpose named in the budget, and
could not be used to pay for property not mention-
ed in the budget. Likewise, subdivision 20 of
the Budget Law, authorizing changes in the budget,
must refer to changes within the objects covered
by the budget, because if new matters could be
added to the budget, then the emergency provision
would serve no purpose."

In our opinion the above question should be answer-
ed in the affirmative. The fact that the contract has been
previously made would not destroy the power of the Commis-
sioners' Court to amend the budget in such particular. We
note that the rental payment is to be $26,340.00, and we are
not advised as to the source from which payment of the $10,340.

Hon. John R. Shook, page 5.


over and additional to the $16,000.00 is to be made.
Hence, our opinion does not touch upon that sum.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 21, 1940

By _Glenn R. Lewis_

FIRST ASSISTANT
ATTORNEY GENERAL

Glenn R. Lewis
Assistant

GRL:jm

APPROVED
OPINION
COMMITTEE
BY _MK_
CHAIRMAN